# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR BORRERO,** | : | **Civil No. 3:12-CV-1934** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Mariani)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

This case comes before the court for resolution of a discovery dispute regarding whether the plaintiff's medical records are properly subject to disclosure and inspection by counsel for the defendants.  For the reasons set forth below, we find that the allegations in the plaintiff's complaint put his medical condition at issue in this case, and, therefore, require disclosure of these records to defense counsel.

The pertinent facts relating to this discovery dispute can be simply stated.  The plaintiff, a state inmate, has filed an amended complaint which described an alleged lack of proper medical treatment for his Hepatitis C; claimed that one defendant, Dr. Moll, who was plaintiff's psychiatrist, did not properly perform his duties under Department of Corrections ("DOC") policies; and alleged that Dr. Moll lied about

plaintiff's ability to begin treatment for Hepatitis C. In particular, plaintiff asserted that Dr. Moll "only once spoke to plaintiff and never once treated plaintiff for any medical illness or interview plaintiff about this treatment as is protocol under DOC policy 13.2.1 Section 16." Furthermore, in his amended complaint, plaintiff referred to several different grievances that he allegedly filed concerning his perceived mistreatment by prison medical and mental health personnel, but asserted that he had only fully exhausted the grievance process for one of his complaints.

Presented with these allegations, on or about March 22, 2013, counsel for Dr. Moll served the three separate subpoenas in an attempt to gather information related to the present lawsuit, initiated by plaintiff, alleging perceived medical and mental health mistreatment by Dr. Moll and the other named defendants. Two of the subpoenas were directed to SCI-Smithfield, the DOC institution where the plaintiff is currently housed, requesting: (1) "a full and complete copy of all medical, psychological and psychiatric records pertaining to inmate Hector Alexander Borrero, Inmate Number JB-2013[;]" and (2) "a full and complete copy of any and all grievance records pertaining to Inmate Hector Alexander Borrero, Inmate Number JB-2013." The third subpoena was directed to the Department of Corrections and requested "full and complete copies of the following documents pertaining to Inmate Hector Alexander Borrero, Inmate Number JB-2013: (1) grievance files, including

grievances, rulings, appeals, etc.; (2) Inmate Requests to Staff Members (DC-135A); and (3) all records of misconduct charges, hearings and penalties."

On April 1, 2013, plaintiff filed a Motion to Quash or Modify Subpoena arguing that the court should quash or modify Dr. Moll's subpoenas because he asserts that the subpoenas require disclosure of privileged or protected matter and no exception or waiver applies. However, because we find that the subpoenas seek information relating to matters relevant to this lawsuit, and further conclude that Borrero has waived any medical confidentiality by making allegations which put his medical condition squarely at issue in this case, we will deny this motion to quash, and the related motions filed by Borrero.

## II. <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the

subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court."  DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997).  When a magistrate judge's decision involves a discretionary [discovery]  matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an

4

abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate
judge's discovery ruling "is entitled to great deference and is reversible
only for abuse of discretion." Kresefky v. Panasonic Commc'ns and
Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
(holding that discovery rulings are reviewed under abuse of discretion
standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
resolution of discovery disputes deserves substantial deference and
should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept.
17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the

outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or

defense." Therefore, valid claims of relevance and privilege still cabin and restrict

the court's discretion in ruling on discovery issues. Furthermore, the scope of

discovery permitted by Rule 26 embraces all "relevant information" a concept which

is defined in the following terms: "Relevant information need not be admissible at

trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."

A party seeking discovery bears the initial burden of proving the relevance of

the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195,

196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery

has the burden to establish the lack of relevance by demonstrating that the requested

discovery (1) does not come within the broad scope of relevance as defined under

Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm

occasioned by discovery would outweigh the ordinary presumption in favor of broad

disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Furthermore, in the context of a request for access to medical records of a

plaintiff who has put his physical condition at issue though the allegations made in

his lawsuit, this court has previously defined for us the standards which control our

evaluation of such discovery disputes. In this setting, we have repeatedly held that

when a plaintiff puts his mental and emotional health at issue in a civil lawsuit he

implicitly waives the protection of the doctor-patient privilege with respect to his

medical records. See, e.g., Smith v. Cent. Dauphin Sch. Dist., 1:05-CV-01003, 2007

WL 188569 (M.D. Pa. Jan. 22, 2007)(held, when a plaintiff puts her mental health at

issue in a civil law suit, however, she impliedly waives the protection of the

privilege); Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 135 (E.D. Pa. 2001), citing

Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa.1997) (holding that

"a party waives the privilege by placing her mental condition at issue"); Topol v.

Trustees of the Univ. of Pa., 160 F.R.D. 476, 477 (E.D.Pa.1995) ("Having placed her

mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."), Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir.2000) (same); Sidor v. Reno, No. 95 Civ. 9588(KMW), 1998 WL 164823, at *2–3 (S.D.N.Y. April 7, 1998) (same); Kerman v. City of New York, No. 96 CIV. 7865(LMM), 1997 WL 666261, at *3 (S.D.N.Y. Oct.24, 1997) (same); Alden v. Time Warner, Inc., No. 94 CIV. 6109(JFK), 1995 WL 679238, at *2 (S.D.N.Y. Nov.14, 1995) (same).

Thus, while courts consistently hold that "[i]t would be unfair to allow plaintiffs to unilaterally determine the amount of harm defendant caused, without allowing the defendant or the fact-finder to argue, consider and weigh other relevant factors of emotional stress," Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 (E.D. Pa. 2001), it is also well "recognize[d] that [the] plaintiff has a privacy interest in maintaining the confidentiality of h[is] records of . . . health treatment." Smith v. Cent. Dauphin Sch. Dist., 1:05-CV-01003, 2007 WL 188569 (M.D. Pa. Jan. 22, 2007). Balancing these competing interests, in the exercise of their discretion, courts have directed that medical "records at issue should be disclosed subject to a protective order, [requiring] defendants [to] maintain confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; by not releasing any portion of the records to third-parties; by destroying the records at the

conclusion of the litigation . . . ; and by not using the information contained in the records for purposes other than prosecuting this lawsuit." <u>Furey v. Wolfe</u>, CIV.A. 10-1820, 2012 WL 877115 (E.D. Pa. Mar. 15, 2012).

This is the approach that we will adopt in the instant case. Finding that the plaintiff's assertions put these medical matters at issue in this litigation, we conclude that the plaintiff has waived any broad claim of privilege. We further conclude that the plaintiff's medical records are relevant to the issues raised by his claims in this lawsuit, and therefore direct that the medical records be provided to defense counsel subject to a protective order requiring defense counsel to maintain confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys, parties involved in the matter, and expert witnesses; by not releasing any portion of the records to other third-parties, without prior express approval of the court; by destroying the records at the conclusion of the litigation; and by not using the information contained in the records for purposes other than prosecuting this lawsuit.

### III. **Conclusion**

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1.	First, the plaintiff's motion to quash, (Doc. 23.), motion of objection (Doc. 29.), motion for order (Doc. 32.), and motion for extension of time

(Doc. 33.) are DENIED, and it is ORDERED that the medical records of the plaintiff are to be released to defense counsel within 20 days of this order.

2.  Second, this disclosure is subject to a protective order requiring defense counsel to maintain confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys, parties involved in the matter, and expert witnesses; by not releasing any portion of the records to other third-parties, without prior express approval of the court; by destroying the records at the conclusion of the litigation; and by not using the information contained in the records for purposes other than prosecuting this lawsuit.

So ordered this 24th day of April 2013.

<u>**S/Martin C. Carlson**</u>
Martin C. Carlson
United States Magistrate Judge